William DAVENPORT, Plaintiff-Appellant,

v.

Frederick S. BERMAN, individually, and as Commissioner of Office of Rent Control, Marie Gambino, individually, John V. Lindsay, Mayor of the City of New York, and Committee on General Welfare, Defendants-Appellees.

No. 345, Docket 34027.

United States Court of Appeals Second Circuit.

Argued Dec. 5, 1969.

Decided Dec. 29, 1969.

Office of Rent Control, Department of Rent and Housing Maintenance, New York City Housing and Development Administration, on the brief), for defendants-appellees Berman and Gambino.

Irving Genn, New York City (J. Lee Rankin, Corporation Counsel, Stanley Buchsbaum, Brooklyn, N. Y., on the brief), for appellees Lindsay and Committee on General Welfare.

Before WATERMAN, HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

Challenging rent control in New York City,[1] plaintiff William Davenport brought suit against Frederick S. Berman, individually and as Commissioner of the New York City Office of Rent Control, John V. Lindsay, Mayor of the City of New York, the Committee on General Welfare, and Marie Gambino.[2] The United States District Court for the Southern District of New York, John M. Cannella, J., denied plaintiff's application for a three-judge court and dismissed the complaint. Davenport appeals and we affirm.

Appellant is a Negro landlord of a rent-controlled apartment house in the Bronx. The complaint and papers in opposition to defendants' motions to dismiss present a variety of theories, including the averment that plaintiff sues as a representative of both landlords and tenants. As best we can make out, the claims still pressed in this court are as follows: (1) Rent control deprives Negroes of the equal enjoyment and use of property because black tenants are thereby kept in inadequate housing and denied the opportunity to be charged higher rents which would maintain decent housing for them; this also discriminates against Negro landlords. (2) The procedures for decontrol of apartments violate due process and were applied dis-

Gene Crescenzi, New York City, for plaintiff-appellant.

William E. Rosen, New York City (Daniel W. Joy, Acting General Counsel,

1. See New York City Rent and Rehabilitation Law, N.Y.C.Adm.Code, Ch. 51, Title Y, authorized by Local Emergency Housing Rent Control Law, N.Y.Unconsol.Laws §§ 8601–17 (McKinney Supp. 1969).

2. We put to one side the inaccuracies in the papers; e. g., Marie Gambino is apparently the incorrect name for Josephine Gambino, a rent administration official.

criminatorily against Negro landlords, including appellant. (3) Rent control forces appellant into involuntary servitude.

 To the extent that the complaint and papers allege loss of money or property rights, absent racial discrimination, they gave the district court no sufficient basis for determining that plaintiff's claim met the jurisdictional minimum of either 28 U.S.C. § 1331 or 28 U.S.C. § 1332 and did not meet the requirements of 28 U.S.C. § 1343(3). See Eisen v. Eastman, 421 F.2d 560 (2d Cir. Nov. 28, 1969). While the claim of discrimination might be covered by 28 U.S. C. § 1343(3), mere conclusory statements that rent control furthers racial discrimination, without supporting facts, are not sufficient. Powell v. Workmen's Compensation Board, 327 F.2d 131, 137 (2d Cir. 1968). The claim of involuntary servitude is frivolous. Marcus Brown Holding Co. v. Feldman, 256 U.S. 170, 199, 41 S.Ct. 465, 65 L.Ed. 877 (1921).

Judgment affirmed.