HALL, Judge.
This court granted certiorari to review a judgment of the First Judicial District Court for Caddo Parish overruling the defendant Collector of Revenue’s declinatory exception of improper venue in an action brought pursuant to LSA-R.S. 47:1576 against the Collector to recover sales taxes paid under protest. The issue to be decided is the proper venue of such an action.
Plaintiffs, ten of whom are domiciled in Caddo Parish, one of whom is domiciled in Bossier Parish and one of whom is domiciled in Webster Parish, filed suit against the Collector of Revenue of the State of Louisiana in the First Judicial District Court for Caddo Parish to recover sales taxes paid under protest. Alleging they are owners of coin-operated amusement machines, plaintiffs contend the revenues from the machines are not subject to sales tax imposed by LSA-R.S. 47:302, subd. C. and 47:321 subd. C. for various reasons and that the statutes, as applied to them, are unconstitutional.
The Collector of Revenue filed a declin-atory exception of improper venue alleging that under LSA-C.C.P. Art. 42 the proper venue for this action is East Baton Rouge Parish, the domicile of the Collector. The district court overruled the exception holding that LSA-R.S. 47:1576 authorizes this action to be brought in Caddo Parish. On application of the Collector a writ of certiorari was issued by this court.
In the district court it was argued by plaintiffs that the action could be brought in Caddo Parish under LSA-R.S. 13 :5103, regulating venue in actions against the State and its departments and agencies generally, which statute provides in part:
“A. All suits authorized by the Louisiana Legislature to be filed against the State of Louisiana or any board, commission,- department or agency of the State of Louisiana may be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises.”
However, this argument is not mentioned in plaintiffs’ brief filed in this court and has apparently been abandoned in view of LSA-R.S. 13:5109 which provides:
“This Part shall not apply to suits for refund of taxes or for workmen’s compensation benefits, or to proceedings for garnishment of wages, or to suits or mandamus proceedings against the divi *811 sion of public health statistics (vital statistics) of the state board of health, all of which shall continue to be governed by the laws applicable thereto. Acts 1960, No. 27, § 9, as amended Acts 1964, No. 488, § 1.”
This being an action for the refund of taxes, LSA-R.S. 13:5103 is not applicable because of the specific provision to that effect contained in LSA-R.S. 13 :5109.
Plaintiffs’ primary contention is that this action may be brought in any district court of the State, including Caddo Parish, under the provisions of LSA-R.S. 47:1576 which provides:
“A right of action is hereby created to afford a remedy at law for any person aggrieved by the prohibition of courts restraining the collection of tax, penalty, interest or other charges imposed in this Sub-title. The person resisting the payment of any amount found due by the collector, or of enforcement of any provisions of this Sub-title, shall pay the amount found due to the collector and at that time shall give the collector notice of his intention to file suit for the recovery thereof. Upon receipt of this notice, the amount paid shall be segregated and held by the collector or his duly authorized representatives for a period of thirty days. If suit is filed within the thirty-day period for the recovery of such amount, the funds segregated shall be further held pending the outcome of the suit. If the person prevails, the collector shall refund the amount to the claimant, with interest at the rate of 2% per annum covering the period from the date said funds were received by the collector to the date of refund.
“This Section shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this Sub-title, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such action, service of process upon the collector shall be sufficient service, and he shall be the sole necessary and proper party defendant in any such suit.
“This Section shall be construed to provide a legal remedy in the state or federal courts, by action at law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or the Constitution of the State of Louisiana, or in any case where jurisdiction is vested in any of the courts of the United States.
“Upon request of a person and proper showing by such person that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, such person, upon agreement to abide by the decision of the courts, may pay the additional assessment under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.” (Emphasis supplied).
In support of their contention that R.S. 47:1576 authorizes the filing of this action in Caddo Parish, plaintiffs argue that the district court has jurisdiction of the parties as all are domiciled in Louisiana and subject to process in this State (LSA-C.C.P. Art. 6) and has jurisdiction of the subject matter in that it has the legal power to hear this particular class of action (LSA-C.C.P. Art. 2).
LSA-R.S. 47:1575 and 47:1576, derived from Act 16 of 1934, 2nd Ex.Sess., as last amended by Act 330 of 1938, were enacted in compliance with the provisions of Article 10, Section 18 of the Louisiana Constitution of 1921, mandating the Legislature to provide against the issuance of process to restrain the collection of any tax and to *812 provide for a complete and adequate remedy for the .prompt recovery by a taxpayer of any illegal tax paid by him. The source Acts originally dealt with all taxes levied by the State and its political subdivisions. Upon enactment of the Revised Statutes in 1950, the provisions of the source Acts were carried forward as R.S. 47:1575 and 47:1576 relative to taxes collected by the Collector of Revenue and were carried forward as R.S. 47:2110 relative to ad valo-rem taxes. The language of the 1938 Act was kept intact, authorizing the bringing of suit “in any state or federal court having jurisdiction of the parties and subject matter”.
At the time of the 1938 Act, and at the time of the 1950 revision of the statutes, the concept of “venue” as such was not recognized in Louisiana. Venue, as a procedural concept separate from jurisdiction, was introduced into Louisiana law with the adoption of the Code of Civil Procedure in 1960. See Introduction to Book I, Courts, Actions, and Parties, p. 1; .Summary of Procedural Changes in Chapter 1, Henry G. McMahon, p. 3; and Summary of Procedural Changes in Chapter 2, Section 1, p. 55; Vol. 2, LSA-Code of Civil Procedure. Prior to 1960, competency of • a court to hear a case was defined in terms of “jurisdiction ratione materiae” (jurisdiction of the subject matter) and “jurisdiction ra-tione personae” (jurisdiction of the person). The place where a suit should be brought was generally treated as a matter of jurisdiction ratione personae. One author noted, “The common law term ‘venue’ seems to be substantially equivalent to jurisdiction ratione personae. Venue is universally agreed to be ‘the place where the action is to be brought’ ”. See Robert Roberts, III, “Jurisdiction Ratione Mater-iae et Personae in Louisiana”, 12 La.L. Rev. 210 (1952).
Viewed in this context, the reference in R.S. 47:1576 to any state or federal court having jurisdiction of the parties was framed within the then existing concept of jurisdiction ratione personae, which was equivalent to, or at least included, venue—the place where the action should be brought. The statute authorized suit to be brought in any state court having jurisdiction of the parties, that is jurisdiction of the person and venue. The statute itself does not regulate venue of such an action, but authorizes suit to be brought in any state court of proper venue.
To accept plaintiffs’ argument that the action could be brought in any district court of the state would mean, for example, that this action could just as well have been brought in Orleans Parish or St. John the Baptist Parish or any other parish of the plaintiffs’ choice, regardless of the lack of any connexity between the Parish and any of the parties or the cause of action. We cannot believe such was the legislative intent or the meaning of the statute. Further, such a conclusion could raise constitutional questions under the holding in Tanner v. Beverly Country Club, 217 La. 1043, 47 So.2d 905 (1950) which questions we need not and do not consider in light of our interpretation of the statute.
Having determined the venue of this action is not governed by R.S. 13:5103 or R.S. 47:1576, or any other special statute, it follows that venue is regulated by the general articles on venue in the Code of Civil Procedure. LSA-C.C.P. Art. 42 provides, in part:
“The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence; . . .”
This action is brought against the Collector of Revenue in his official capacity. In such capacity, his domicile, in fact and law, is in the parish wherein the state capítol is located—East Baton Rouge Parish. See R.S. 47:1511; Turner v. Collector *813 of Revenue, 209 So.2d 301 (La.App. 4th Cir. 1968). Thus, the proper venue oLthis action is the district court for East Baton Rouge Parish, the parish of the defendant’s domicile.
Plaintiffs also contend that if R.S. 47:1576 does not authorize this action to be brought in Caddo Parish, and if the general articles of the Code of Civil Procedure on venue apply, then the action can nevertheless be brought in Caddo Parish where the Collector of Revenue maintains a district office under LSA-C.C.P. Art. 77 which provides:
“An action against a person having a business office or establishment in a parish other than that where he may be sued under Article 42, on a matter over which this office or establishment had supervision, may be brought in the parish where this office or establishment is located.”
The scant evidence taken on the trial of the exception reveals that the Collector of Revenue has a district office in Caddo Parish, but the evidence does not reveal that such office had supervision over the subject matter of this action. The evidence indicates that supervision over the assessment and collection of sales taxes remains in the Collector’s Baton Rouge office and that the district office is a mere service arm of the department. Neither the allegations of the petition nor the evidence substantiates the applicability of Article 77 in this instance.
Our holding is that the proper venue of an action brought under R.S. 47:1576 is the district court for East Baton Rouge Parish, and that the district court for Cad-do Parish is without venue. Defendant’s declinatory exception of improper venue should, therefore, be sustained.
Under LSA-C.C.P. Art. 121, when an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue. In order to maintain plaintiffs’ rights under the procedure outlined in R.S. 47-1576, it appears to be in the interest of justice to transfer this action to the district court for East Baton Rouge Parish.
For the reasons assigned, the writ of certiorari issued herein is made peremptory. The judgment of the district court overruling defendant’s declinatory exception of improper venue is reversed and the exception is sustained. This action is hereby transferred to the Nineteenth Judicial ' District Court in and for East Baton Rouge Parish for further proceedings in accordance with law. The costs of the proceedings in the Court of Appeal are assessed to plaintiffs; all other costs to await final disposition of the action.
Reversed and rendered.