F. H. BLASKE et al.

v.

Otis R. BOWEN, M.D., Governor
of Indiana, et al.

No. NA 75–101–C.

United States District Court,
S. D. Indiana,
New Albany Division.

Jan. 12, 1976.

John K. Gordinier, Louisville, Ky., Michael L. Harris, Jeffersonville, Ind., for plaintiffs.

James M. Garrettson, Deputy Atty. Gen., State of Indiana, Indianapolis, Ind., for defendants.

## ORDER

NOLAND, District Judge.

This cause comes before the Court on the motion of the defendants to dismiss or, in the alternative, to abstain pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

Whereupon the Court, having examined said motion and defendants' brief in support thereof and the briefs of the plaintiffs in opposition thereto, and being duly advised in the premises, now GRANTS said motion to dismiss and this cause is hereby DISMISSED for lack of jurisdiction over the subject matter, pursuant to 28 U.S.C. § 1341 and Rule 12(b)(1) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

## MEMORANDUM ENTRY

The plaintiffs herein are residents of the State of Kentucky and have brought this action against the defendants challenging the constitutionality of an Indiana statute recently passed by the 1975 General Assembly of this state. The plaintiffs seek declaratory and injunctive relief, pursuant to 28 U.S.C. §§ 2201-2 and 2281 and have invoked the jurisdiction of this court pursuant to 28 U.S.C. § 1343. A three-judge panel has been requested by the plaintiffs, pursuant to 28 U.S.C. § 2284.

The plaintiffs are challenging the constitutionality of Indiana Public Law No. 63, which became effective on April 26, 1975, by adding a chapter 3 to the County Adjusted Gross Income Tax Law, *Ind.Code* §§ 6–3.5–1–1 *et seq.* (1971), as added by Acts 1975, P.L. 63, § 1, p. 512 [House Enrolled Act No. 1291], and Clark County Ordinance No. 1975–16, which was adopted by the County Council of Clark County, Indiana implementing said Public Law No. 63.

In general, Public Law No. 63 provides all Indiana counties with the power to impose an occupation income tax on compensation earned by an employee who is "principally employed in the governmental entity imposing the tax", defined as an employee who devotes more than half of his work time to services performed in the county, city, or town imposing the tax. However, the taxpayer is allowed a credit against such occupation income tax in an amount equal to the lesser of his state adjusted gross income tax liability or his occupation income tax liability. As a result of this credit provision, the plaintiffs allege that while Indiana citizens will be allowed such a credit and thus will have no occupational income tax liability, non-residents of Indiana will not benefit from such credit and will solely bear the burden of the tax. Therefore, the plaintiffs allege that the tax violates the privileges and immunities guarantees of Article IV, Section 2, Clause 1 and the Fourteenth Amendment to the Constitution.

The defendants have filed a motion to dismiss this action or, in the alternative, to abstain pending the outcome of similar litigation presently pending in state court. While the defendants have raised several grounds in support of their motion to dismiss, only one appears to have merit and need be discussed.

The defendants contend that the plaintiffs have a plain, speedy and efficient remedy under state law which adequately protects the plaintiffs' rights and, therefore, this court lacks the jurisdiction to interfere in this controversy under the provisions of the Tax Injunction Act of 1937, 28 U.S.C. § 1341. That section provides as follows:

"§ 1341. Taxes by States.

The district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

The Seventh Circuit was recently faced with the language of the above statute in the case of *28 East Jackson Enterprises, Inc. v. Cullerton*, 523 F.2d 439, p. 441 (7th Cir., 1975), when it recognized:

"Section 1341 codifies the well-established federal policy of noninterference in matters of state taxation. *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S.

293, 298–99, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943). 'The scrupulous regard for the rightful independence of state government which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it.' *Matthews v. Rodgers*, 284 U.S. 521, 525, 52 S.Ct. 217, 76 L.Ed. 447 (1932)."

The law is well settled that the federal courts lack jurisdiction to grant relief when a state legislature has provided an adequate scheme for taxpayer challenges to a state tax. *Miller v. Bauer*, 517 F.2d 27 (7th Cir. 1975); *Bland v. McHann*, 463 F.2d 21 (5th Cir. 1972), *cert. denied*, 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973). This rule is true when the taxpayers seek convention of a three-judge court, since such a panel under these circumstances has no greater jurisdiction than that of a single district judge. *Mandel v. Hutchinson*, 494 F.2d 364 (9th Cir. 1974); *Non-Resident Taxpayers Association v. Municipality of Philadelphia*, 341 F.Supp. 1135 (D.N.J. 1971), *aff'd* 406 U.S. 951, 92 S.Ct. 2061, 32 L.Ed.2d 340 (1972). Also, said statute is applicable whether the taxpayers seek injunctive or declaratory relief. *City of Houston v. Standard-Triumph Motor Co.*, 347 F.2d 194 (5th Cir. 1965), *cert. denied*, 382 U.S. 974, 86 S.Ct. 539, 15 L.Ed.2d 466 (1966); *Wyandotte Chemicals Corp. v. City of Wyandotte*, 321 F.2d 927 (6th Cir. 1963); *Plato Realty Investments v. City of Big Spring*, 388 F.Supp. 131 (N.D.Tex.1975).

This Court must therefore determine if the plaintiffs have a plain, speedy and efficient remedy in the state courts through which they may present their constitutional claims. In enacting the County Adjusted Gross Income Tax Law, which now includes the Public Law in issue, the legislature specifically incorporated by reference under *Ind.Code* § 6–3.5–1–10 (1971) all of the provisions of the Indiana Adjusted Gross Income Tax Act, *Ind.Code* §§ 6–3–1–1 *et seq.* (1971), dealing with the rights and remedies of the taxpayer when challenging the imposition of a particular tax. The procedure available to taxpayers in situations such as the one in the case at bar is found in *Ind.Code* § 6–3–6–4 (1971). In general, this section provides that a taxpayer who alleges that a tax has been imposed upon him in excess of the amount legally due may petition the Indiana Department of Revenue for a refund, which petition must be promptly considered by said Department. The taxpayer who has been improperly charged may recover the amount due him plus interest on said amount. The taxpayer has the right to seek judicial review if his petition is denied in either the circuit or superior courts of the county of his residence or, if he has no such residence, in the Marion County Circuit or Superior Courts. To insure that the Department takes prompt action on a petition for refund, the statute provides that if no action is taken within six months the taxpayer may file his civil action in the courts. The section expressly provides, however, that the taxpayer's remedy shall be by payment of the tax and an action for refund and no injunction may be issued by any court to restrain the collection of said tax.

This Court believes that the above procedure clearly serves as a "plain, speedy, and efficient remedy" for purposes of 28 U.S.C. § 1341. The Indiana statutory procedure for the challenging of a realty tax assessment is quite similar to the above described procedure in reference to the occupation income tax and such remedy was found to satisfy the mandates of § 1341 by the Seventh Circuit in the recent case of *Miller v. Bauer*, 517 F.2d 27 (7th Cir. 1975). Other cases have held that similar statutes of other states providing for payment under protest and claim for refund are "plain, speedy, and efficient." In *Bland v. McHann*, 463 F.2d 21 (5th Cir. 1972), *cert. denied*, 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973) the court rejected a claim that a similar Mississippi statutory procedure was not sufficient to bar federal jurisdiction under § 1341 despite the fact that the statute made no provision for re-

covery of interest on amounts illegally collected. *See also Gray v. Morgan*, 371 F.2d 172 (7th Cir. 1966), *cert. denied*, 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 596 (1967).

The Court would also point out that Indiana has adopted the Uniform Declaratory Judgment Act, *Ind.Code* §§ 34–4–10–1 *et seq.* (1971), Burns' Ind.Stat.Anno. §§ 3–1101 *et seq.*, (1946 Repl.), which provides the plaintiffs herein with another adequate procedure in the courts of this state for raising their constitutional objections. *See e. g., Palermo v. Sendak*, 382 F.Supp. 1387 (N.D.Ind.1974) and *Montagano v. City of Elkhart*, 149 Ind.App. 283, 271 N.E.2d 475 (1971). It is well settled that for purposes of § 1341 the availability of state declaratory judgment relief also serves as a sufficient remedy to preclude federal jurisdiction. *Hickmann v. Wujick*, 488 F.2d 875 (2nd Cir. 1973); *Klotz v. Consolidated Edison Co. of New York, Inc.*, 386 F.Supp. 577 (S.D.N.Y.1974).

The plaintiffs contend that this Court is in a position to hear their claim and fashion the best relief available without undue delay and needless multiplicity of state court actions. The Seventh Circuit rejected a similar contention in *Miller v. Bauer, supra*, when it stated:

> "The taxpayers' complaints here that the Indiana remedy is inadequate 'appear in reality to be an argument that a *better* remedy would be available in the federal courts. Neither the judicial decisions nor § 1341 requires that the state remedy be the best remedy available or even equal to or better than the remedy which might be available in the federal courts. Section 1341 merely requires that the state remedy be plain, speedy and efficient.' *Bland v. McHann*, 463 F.2d 21, 29 (5th Cir. 1972), *cert. denied*, 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973)." 517 F.2d at 32.

Also recognizing this principle *see Mandel v. Hutchinson*, 494 F.2d 364 (9th Cir. 1974), and *Ford Motor Credit Co. v. Louisiana Tax Commission*, 321 F.Supp. 1365 (E.D.La.1971) where the court held § 1341 does not require that the remedy available in state courts be the plainest, speediest, or most efficient.

The plaintiffs have attempted to distinguish the myriad of federal cases in which the Tax Injunction Act has been invoked from the case at bar, but they have not demonstrated any compelling reason why this court should involve itself with matters more properly left up to the states. The long-standing policy of noninterference by federal courts in state matters is especially necessary when judicial interference with state tax matters is sought. *Reese v. Nixon*, 347 F.Supp. 314 (C.D.Cal.1972).

The federal courts have no monopoly on the power to resolve constitutional issues. This Court is confident that the state courts of Indiana have the competence to and will apply the United States Constitution and the cases interpreting it to this controversy in a fair and proper manner.

This cause must be and is hereby DISMISSED for lack of subject matter jurisdiction.