UNITED MUTUAL LIFE INSURANCE
COMPANY, Plaintiff-Appellee,

v.

William J. DAVENPORT et
al., Defendants,

William J. Davenport,
Defendant-Appellant.

No. 260, Docket 76–7315.

United States Court of Appeals,
Second Circuit.

Argued Dec. 2, 1976.

Decided Jan. 3, 1977.

William J. Davenport, pro se.

Ivan A. Michael, New York City (Paterson, Michael & Jones, New York City, on the brief), for appellee.

Before MOORE, FEINBERG, Circuit Judges, and BRYAN, District Judge.*

PER CURIAM:

William J. Davenport appeals from a judgment against him, after a nonjury trial before Judge Robert L. Carter in the United States District Court for the Southern District of New York, for unpaid principal and interest owed on a loan from United Mutual Life Insurance Company ("United Mutual"), a New York corporation. Ap-

* Of the United States District Court for the Southern District of New York, sitting by designation.

pearing pro se, Davenport has raised various challenges to the proceedings below and to the district court's rulings. For the reasons set forth below, we affirm the judgment of the district court.

In June 1964, appellant and his wife Saloma, New Jersey residents, borrowed $21,000 from United Mutual. They gave as security a mortgage on the small apartment building they owned at 575 East 168th Street in the South Bronx. After the Davenports defaulted on a monthly payment due in early 1970, United Mutual commenced foreclosure proceedings in the New York State Supreme Court, Bronx County. The Davenports removed the case to the Southern District of New York.[1] In October 1970, the district court appointed United Mutual as receiver to manage the property and collect rents, with net proceeds going to reduce the mortgage debt. United Mutual paid some fuel and maintenance bills, but made no direct efforts to collect rent from the building's tenants. Instead it negotiated with the Davenports to have them continue to collect the rents, but in the future as agents for United Mutual. A letter agreement dated April 10, 1972, apparently formalized that arrangement, committed the Davenports to increased mortgage payments, and bound United Mutual not to pursue foreclosure. Appellant claims that his and his wife's signatures on the document are forgeries, but, in any event, they made monthly payments in accordance with the agreement through June 1973. Since then only one payment has been made.

On May 17, 1974, Judge Carter dismissed, without prejudice, United Mutual's foreclosure action for want of prosecution. In July 1974, at appellant's request, the judge granted the Davenports broader relief by vacating the earlier order, dissolving the mortgage lien, discharging United Mutual as receiver and releasing Davenport from the debt. In a brief opinion, Judge Carter rested his decision on United Mutual's negligent performance as receiver. In January 1975, United Mutual sought reconsideration of the July 1974 order in light of the Davenports' 1972 commitment, which had not earlier been brought to the attention of the judge. In an opinion filed in April 1975, the judge ordered an evidentiary hearing, which was held on April 28, 1975 and May 1, 1975. At the hearing, United Mutual's Secretary-Treasurer, Winston D. Grace, and a well-known handwriting expert both testified. Thereafter, the judge vacated the July 1974 order that had released appellant from the debt to United Mutual, and set the case down for trial.

At the trial in July 1975, Grace and both Davenports testified. In a memorandum opinion filed in March 1976, Judge Carter found that "[the handwriting expert's] and defendants' own testimony leave no doubt that the signatures [on the 1972 letter agreement] are in fact those of Saloma and William Davenport." The judge held that "[t]here is no evidence that plaintiff [United Mutual] has itself collected any rents, and no proof of fraud, neglect or bad faith attributable to plaintiff in connection with this property has been shown." The judge concluded that plaintiff was entitled to a judgment against the Davenports for the full amount of the indebtedness less any proceeds from sale of the apartment building. An order to this effect was entered in May 1976.

As best we can make out appellant's contentions, he argues that he should have received credit for rents not collected by United Mutual, which neglected its obligation as receiver. As indicated, Judge Carter held that United Mutual's efforts as receiver were not deficient. In the period prior to April 1972, it did pay substantial sums for building upkeep, and it made an adequate, and indeed ultimately successful, effort to enlist an agent—Davenport—to collect rent from the tenants. Certainly appellant cannot complain about the collection efforts after April 1972, when he himself became the agent responsible for collecting the rents. On the issue of United

---

1. The other defendants named in this action are not indispensable parties, were apparently never served in this action, have never participated in it, and are not named in the judgment.

**530**

Mutual's performance, we cannot say that Judge Carter's findings of fact were clearly erroneous or that his conclusions of law were incorrect.

 Appellant also argues that reconsideration of the July 1974 order that released him from his debt was improper. It is clear, however, that Judge Carter had not previously known about the 1972 agreement between United Mutual and the Davenports. True, there is a controversy over the genuineness of the signatures, but the judge's findings were not clearly erroneous. Moreover, putting that dispute to one side, appellant admits that the letter was a substantially correct statement of his agreement with United Mutual.[2] Because that agreement bore so heavily on whether United Mutual performed adequately as receiver, Judge Carter's decision to reconsider his order was a proper exercise of discretion.

Appellant also seems to assert he was denied due process by the procedures for administration of the New York rent control laws that limit his income, and by Judge Carter's refusal to allow him to present that claim as a defense to the mortgage foreclosure. To the extent that the underlying claim has not already been decided against appellant in prior litigation, see *Davenport v. Berman*, 420 F.2d 294 (2d Cir. 1969); *Matter of Davenport v. Berman*, 280 N.Y.S.2d 534 (App.Div. 1st Dep't 1967),[3] the judge's refusal to consider it in this foreclosure action was correct.

Finally appellant charges Judge Carter with bias, based on his acquaintance with members of United Mutual's law firm and on an overheard comment, apparently completely unrelated to his case, by Judge Carter that, "That's what we'll do . . . We'll take care of it, don't worry about it, we'll take care of it." The bias was manifest, appellant claims, in Judge Carter's various rulings favorable to United Mutual.

These allegations do not raise any substantial question of bias.

Judgment affirmed.

---

**2.** Appellant's brief, p. 32. A similar statement was made at oral argument.

**3.** See also memorandum opinion of then District Judge Gurfein in *Davenport v. Altman*, Pro Se 71 Civ. 4263, July 31, 1973, aff'd by order, Dkt. # 73–2383 (2d Cir. Mar. 5, 1974).