Edwin W. EDWARDS, Governor of the State of Louisiana, William J. Guste, Jr., Attorney General of the State of Louisiana, Shirley McNamara, Secretary of the Department of Revenue and Taxation of the State of Louisiana

v.

TRANSCONTINENTAL GAS PIPE LINE CORP., Stingray Pipeline Co., Columbia Gulf Transmission Co., Columbia Gas Transmission Corp., Creole Gas Pipeline Corp., Florida Gas Transmission Co., Michigan Wisconsin Pipe Line Co., Mississippi River Transmission Corp., Natural Gas Pipeline Co. of America, Sabine Pipe Line Co., Sea Robin Pipeline Co., Southern Natural Gas Co., Tennessee Gas Pipeline Co., Texas Eastern Transmission Corp., Texas Gas Pipe Line Corp., Texas Gas Transmission Corp., Trunkline Gas Co., United Gas Pipe Line Co., Chevron U. S. A. Inc., Exxon Corp., Gulf Oil Corp., Superior Oil Co., Texaco, Inc.

Civ. A. No. 78–420.

United States District Court,
M. D. Louisiana.

Jan. 26, 1979.

Wilbert J. Tauzin, II, Thibodaux, La., William C. Broadhurst, Lafayette, La., William D. Brown, T. A. Grant, III, Monroe, La., Robert G. Pugh, Shreveport, La., William J. Guste, Jr., Atty. Gen., of La., Carmack M. Blackmon, Asst. Atty. Gen., Baton Rouge, La., for plaintiffs; Edwin W. Edwards, Governor of La., Baton Rouge, La., Kenneth C. DeJean, Gary L. Keyser, Ben R. Miller, Sr., Asst. Attys. Gen., Baton Rouge, La., David Dawson, Gen. Counsel, Dept. of

Revenue and Taxation, Baton Rouge, La., Professor Melvin Dakin, Professor Fred Ellis, Louisiana State University Law School, Baton Rouge, La., Camille F. Gravel, Jr., Michael S. Baer, III, Gravel, Roy & Burnes, Alexandria, La., of counsel.

Frank J. Peragine, H. Paul Simon, Thomas R. Blum, James A. Burton, Matt J. Farley, Deutsch, Kerrigan & Stiles, New Orleans, La., for Columbia Gas Transmission Corp., Columbia Gulf Transmission Co., Stingray Pipeline Co., Tennessee Gas Pipeline Co., Texas Eastern Transmission Corp., Trunkline Gas Co., and Natural Gas Pipeline Co. of America.

Gene W. Lafitte, John M. Wilson, Liskow & Lewis, New Orleans, La., for Florida Gas Transmission Co., Southern Natural Gas Co. and Texas Gas Pipe Line Corp.

Burt W. Sperry, Clyde R. Brown, James H. Napper, Shotwell, Brown & Sperry, Monroe, La., for Michigan Wisconsin Pipe Line Co. and Mississippi River Transmission Corp.

C. McVea Oliver, J. Michael Rhymes, Oliver & Wilson, Monroe, La., for Transcontinental Gas Pipe Line Corp.

Ernest L. Edwards, Charles F. Thensted, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, La., for United Gas Pipe Line Co. and Sea Robin Pipeline Co.

Arthur J. Waechter, Jr., Herschel L. Abbott, Jr., Steven G. Durio, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Texas Gas Transmission Corp.

M. Truman Woodward, Jr., H. H. Hillyer, Jr., John C. Christian, James K. Irvin, Henry A. King, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for Chevron, U. S. A., Inc. and Exxon Corp.; D. A. Molony, New Orleans, La., of counsel for Chevron, U. S. A., Inc.; Bernard J. Caillouet, John M. Roper, New Orleans, La., of counsel for Exxon Corp.

B. J. Duplantis, Lafayette, La., Dan A. Spencer, Houston, Tex., for Superior Oil Co.; W. B. Wagner, Jr., Houston, Tex., of counsel.

Robert Liles, Jr., Wiley G. Lastrapes, Timothy W. Cerniglia, New Orleans, La., for Texaco, Inc. and Sabine Pipe Line Co.

Milton L. Duvieilh, David R. Stevenson, New Orleans, La., for Gulf Oil Corp.

Kenneth C. Barranger, New Orleans, La., for Creole Gas Pipeline Corp.

**E. GORDON WEST, District Judge:**

This case is before the Court on plaintiffs' motion to remand to the State Court for further proceedings. The motion to remand is opposed. The case primarily involves a question as to the constitutionality of Act 294 of the 1978 Regular Session of the Louisiana Legislature, commonly referred to as the "First Use Tax on Natural Gas," and incorporated in the statutes of the State of Louisiana as Chapter 16, Title 47, Section 1301, et seq. of the Louisiana Revised Statutes. Plaintiffs in the case are Edwin W. Edwards, Governor of the State of Louisiana, William J. Guste, Jr., Attorney General of the State of Louisiana, and Shirley McNamara, Secretary of the Department of Revenue and Taxation of the State of Louisiana, each of whom are charged, under the laws of the State of Louisiana, with certain duties in connection with the administration and enforcement of the First Use Tax. The defendants are numerous pipeline and gas transmission companies, each of whom, according to plaintiffs' complaint, are engaged in one or more uses of natural gas in the State of Louisiana as defined by the First Use Tax Act and against whom the tax in question is levied.

Because questions had apparently been raised by some or all of the defendants as to the constitutionality of the act, which is to become effective on April 1, 1979, plaintiffs instituted a declaratory judgment action in the proper State Court in Baton Rouge, Louisiana, seeking a declaration by the Court that the First Use Tax on natural gas is "legal, valid and constitutional, all in accordance with its terms, conditions and provisions." That is the sole purpose of the State Court suit.

Defendants, all of whom claim to be non-residents of the State of Louisiana, removed the case to this Court, under the provisions of 28 U.S.C. § 1441(a), (b), invoking its diversity jurisdiction, 28 U.S.C. § 1332, and also contending that this Court has jurisdiction under 28 U.S.C. § 1331 and 1337 on the grounds that there are federal questions involved over which this Court has original jurisdiction.

This Court concludes, after due consideration of the very exhaustive briefs filed by the various parties to this suit, that the plaintiffs' motion to remand has merit and should be granted.

The sole purpose of this suit is to seek a declaratory judgment regarding the constitutionality of Louisiana's First Use Tax on natural gas. The suit is brought by the Governor of the State of Louisiana, the State Attorney General, and the Secretary of the Department of Revenue and Taxation against numerous pipeline and gas transmission companies. No federal agency has been made a party to this suit. Since plaintiffs' purpose is to obtain a declaration from the State Court of competent jurisdiction as to the constitutionality of the First Use Tax, and since the defendants' purpose, upon removal of the case to this Court, is to obtain an injunction from this Court enjoining the assessment and collection of the First Use Tax, the threshold question is necessarily whether or not this Court has jurisdiction over the subject matter of this suit.

■ The primary impediment to jurisdiction in this Court is 28 U.S.C. § 1341, commonly referred to as the "Johnson Act," or the "Tax Injunction Act." That Act provides that:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

As may be expected, this statute has produced many cases dealing with its interpretation. It has been well recognized that the statute implements important principles of comity and is a broad jurisdictional barrier to claims made in a federal court that a state tax is illegal or unconstitutional. See *Kistner v. Milliken,* 432 F.Supp. 1001 (D.C. Mich.1977); *Blaske v. Bowen,* 437 F.Supp. 1056 (D.C.Ind.1976), aff'd 559 F.2d 1224 (C.A.7, 1976). There is also no question but that the statute applies to cases wherein declaratory relief is sought. *28 East Jackson Enterprises, Inc. v. Cullerton,* 523 F.2d 439 (C.A.7, 1975), cert. den. 423 U.S. 1073, 96 S.Ct. 856, 47 L.Ed.2d 83 (1976), reh. pet. den. 551 F.2d 1093 (C.A.7, 1977), cert. den. 434 U.S. 835, 98 S.Ct. 123, 54 L.Ed.2d 96; *Aluminum Co. of America v. Dept. of Treas. of State of Michigan,* 522 F.2d 1120 (C.A.6, 1975); *City of Houston v. Standard-Triumph Motor Co.,* 347 F.2d 194 (C.A.5, 1965), cert. den., 382 U.S. 974, 86 S.Ct. 539, 15 L.Ed.2d 466 (1966); *Tully v. Griffin, Inc.,* 429 U.S. 68, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976); and *Blaske v. Bowen, supra.*

■ Also, it is well settled that the barrier to this Court's jurisdiction created by the Tax Injunction Act cannot be circumvented by attempting to invoke the diversity jurisdiction of the Court. *State Tax Commission v. Union Carbide Corp.,* 386 F.Supp. 250 (D.C.Idaho, 1974); *Soo Line R. Co. v. City of Harvey,* 424 F.Supp. 329 (D.C.N.D., 1976); *Garrett v. Bamford,* 538 F.2d 63 (C.A.3, 1976), cert. den. 429 U.S. 977, 97 S.Ct. 485, 50 L.Ed.2d 585 (1976). Defendants' contend that the presence of federal questions, raised, incidentally, by them as a defense, is sufficient to justify removal to the Federal Court. But if the Tax Injunction Act is applicable, even the presence of a federal question will not subvert its purposes. *Hickmann v. Wujick,* 488 F.2d 875 (C.A.2, 1973); *Group Assisting Sewer v. City of Ansonia,* 448 F.Supp. 45 (D.C.Conn., 1978); *American Commuters Association v. Levitt,* 405 F.2d 1148 (C.A.2, 1969); *Gray v. Morgan,* 371 F.2d 172 (C.A.7, 1966), cert. den., 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 596 (1967); *Eisen v. Eastman,* 421 F.2d 560 (C.A.2, 1969), cert. den. 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970); *Ginsberg v. George Stern Advertising Agency, Inc.,* 325 F.Supp. 349 (D.C.Pa.,

1971). Actions brought under the Civil Rights Act and actions brought claiming denial of due process and equal protection of the laws are barred in Federal Court if the Tax Injunction Act is applicable and the plaintiff has a "plain, speedy and efficient remedy" available in the State Court. *Kistner v. Milliken, supra.*

■ In *Blaske v. Bowen, supra,* the Court declared that the Tax Injunction Act applied to cases seeking either injunctive relief or declaratory relief, or both, and that a Federal Court cannot hear a constitutional law challenge to a State tax law if the State law provides an adequate remedy, even if the Federal Court is in the best position to hear the case and fashion relief without undue delay and needless multiplicity of State Court actions. Thus it is abundantly clear that if a "plain, speedy and efficient remedy" is available in the State Court, the Tax Injunction Act is a complete barrier to the jurisdiction of this Court, even though federal questions, including constitutional questions, may be involved. See also *Green v. Klinkofe,* 422 F.Supp. 1021 (D.C.Ind., 1976); *Klotz v. Consolidated Edison Company of New York, Inc.,* 386 F.Supp. 577 (D.C.N.Y., 1974); *Kimmey v. Berkheimer, Inc.,* 376 F.Supp. 49 (D.C.Pa., 1974), aff'd 511 F.2d 1394 (C.A.3, 1974); and *Evangelical Cath. Comm., Inc. v. Thomas,* 373 F.Supp. 1342 (D.C.Vt., 1973), aff'd 493 F.2d 1397 (C.A.2, 1973).

■ The next obvious question to be considered is whether or not a "plain, speedy and efficient remedy" may be had in the Courts of the State of Louisiana in a case seeking a declaration that a state-imposed tax is illegal or invalid.

Louisiana Revised Statute 47:1576 provides:

"A. A right of action is hereby created to afford a remedy at law for any person aggrieved by the prohibition of courts restraining the collection of tax, penalty, interest, or other charges imposed in this Subtitle. The person resisting the payment of any amount found due by the collector, or of enforcement of any provisions of this Subtitle, shall remit the amount found due to the collector and at that time shall give the collector notice of his intention to file suit for the recovery thereof. Upon receipt of this notice, the amount remitted shall be placed in an escrow account and held by the collector or his duly authorized representatives for a period of thirty days. If suit is filed within the thirty-day period for the recovery of such amount, the funds in the escrow account shall be further held pending the outcome of the suit. If the person prevails, the collector shall refund the amount to the claimant, with interest at the rate of six percent per annum covering the period from the date the funds were received by the collector to the date of refund.

B. This Section shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this Subtitle as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such action, service of process upon the collector shall be sufficient service, and he shall be the sole necessary and proper party defendant in any such suit.

C. This Section shall be construed to provide a legal remedy in the state or federal courts, by action at law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or the Constitution of the state of Louisiana, or in any case where jurisdiction is vested in any of the courts of the United States.

D. Upon request of a person and proper showing by such person that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, such person, upon agreement to abide by the decision of the courts, may remit the additional assessment under protest, but need not file an additional suit. In such cases the

tax so paid under protest shall be placed in an escrow account and held by the courts and shall then be disposed of as therein provided."

This statute, in brief, simply provides that a person who feels that he is aggrieved by the assessment, levy, or collection of a state tax in Louisiana may pay the tax assessed under protest, and, within the time limits provided in the statutes, sue for recovery thereof. The statute specifically provides that it shall afford an aggrieved person a legal remedy in the courts of Louisiana, and that it shall afford anyone filing such a suit a "full and complete adjudication" of any and all questions arising in connection with the legality and method of enforcement of the tax statute complained of. The statute specifically provides that it is to be construed to provide a legal remedy in the State Court in cases where the tax is claimed to be an unlawful burden on interstate commerce, or in cases where it is claimed that the collection of the tax violates any act of Congress or the United States Constitution or the statutes or Constitution of the State of Louisiana. There can be no doubt but that the "plain, speedy and efficient remedy" referred to in the Tax Injunction Act has been provided for by the Louisiana statute. The fact that an aggrieved person must first pay the tax, under protest, before he can file his suit does not destroy the "plain, speedy and efficient" concept embodied in the Tax Injunction Act. *Bland v. McHann,* 463 F.2d 21 (C.A.5, 1972), cert. den. 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973); *Ford Motor Credit Co. v. Louisiana Tax Commission,* 440 F.2d 675 (C.A.5, 1971); *Great Lakes Dredge and Dock Co. v. Huffman,* 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); *Illinois Central R. Co. v. Howlett,* 525 F.2d 178 (C.A.7, 1975); *United States v. State Tax Commission,* 481 F.2d 963 (C.A.1, 1973); *Aluminum Co. of America v. Department of the Treasury of Michigan,* 522 F.2d 1120 (C.A.6, 1975); *Green v. Klinkofe,* 422 F.Supp. 1021 (D.C.Ind., 1976); *Sterling Shoe Co. v. Norberg,* 411 F.Supp. 128 (D.C.R.I., 1976); *Town of Ball v. Rapides Parish Police Jury,* 427 F.Supp. 294 (D.C.W.D.La.,

1977). It is noted that the Louisiana statute above quoted states that it "shall afford a legal remedy and right of action in any *state* or *federal* court having jurisdiction of the parties and subject matter." Emphasis added. As pointed out in *Putch v. Collector of Revenue,* 299 So.2d 809 (La.App. 2nd Cir. 1974), the reference to "state or federal court" must be viewed in the context of the then existing concept of jurisdiction under Louisiana law wherein the concept of "venue" as such was not recognized. But whatever reason the reference to "federal court" in the statute, it is elementary that the State of Louisiana cannot, by statute, confer jurisdiction on a federal court where none exists under federal law. The United States District Courts are courts of limited jurisdiction and therefore all grants of jurisdiction must be strictly construed and all express limitations thereon must be carefully noted and adhered to. The Tax Injunction Act expressly limits the jurisdiction of this Court where a "plain, speedy and efficient remedy" is provided in the State Court, and this Court finds that there is such a remedy available to the parties in this case. The fact that the amount of taxes that may be collected is large, or that the issues involved are of national importance, is of no moment. The Tax Injunction Act is not confined to small, insignificant or local problems. It is a direct prohibition against this Court enjoining, suspending or restraining the assessment, levy, or collection of *any* tax under State law where a "plain, speedy and efficient remedy" is available in the State Court. The limitation on jurisdiction is express and unambiguous. This case involves no special circumstances whatsoever to indicate that it should fall outside of the Tax Injunction Act. Regardless of the enormity of the tax involved, and regardless of the numerosity of the persons claiming to be aggrieved, the fact remains that this is very simply a suit wherein one party seeks a declaration to the effect that the state tax involved is valid and constitutional, and the other party seeks a declaration that the state tax involved is unconstitutional and invalid. The

Tax Injunction Act removes this case from within the jurisdiction of this Court.

■ As previously stated, the Tax Injunction Act applies to cases where declaratory relief is sought just as it applies to cases where injunctive or other equitable relief is sought. In the present case, plaintiffs seek declaratory relief, and defendants, in effect, are seeking injunctive relief. As a general rule, in a case seeking declaratory relief, injunctive relief is not appropriate. But in any event, both types of relief are available to all parties to this suit in the State Court, upon proper compliance with the requirements of La.R.S. 47:1576.

■ While 28 U.S.C. § 2201 clothes this Court with authority, in proper cases, to render declaratory judgments, it must be noted that that right is coterminous with the breadth of the Tax Injunction Act which forbids enjoining the collection or assessment of state taxes when a plain, speedy and efficient remedy is available in the State Court. *McGlotten v. Connally*, 338 F.Supp. 448 (D.C.D.C., 1972). In *Solenoid Devices, Inc. v. Ledex, Inc.*, 375 F.2d 444 (C.A.9, 1967), it was expressly held that the word "may" in the Declaratory Judgment Act does not mean "shall." The statute does not supply independent grounds of jurisdiction where none otherwise exists. *Rolls-Royce Ltd., etc. v. United States*, 364 F.2d 415, 176 Ct.Cl. 694 (1966); *Lear Siegler, Inc. v. Adkins*, 330 F.2d 595 (C.A.9, 1964). It is merely an enabling act which confers discretion on the courts rather than a right upon the litigants. *Green v. State ex rel. Faircloth*, 318 F.Supp. 745 (D.C.Fla., 1970). Thus, even if the Court had jurisdiction, which it does not, it could still exercise its discretion to deny declaratory relief, especially where the very same declaratory relief sought is also available in the State Court. See Louisiana Code of Civil Procedure, Article 1871.

■ The United States Supreme Court, in *Tully v. Griffin, Inc.*, 429 U.S. 68, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976), said:

"A federal district court is under an equitable duty to refrain from interfering with a State's collection of its revenue *except* in cases where an asserted federal right might otherwise be lost."

To put this another way, as long as there is no reason to fear that any and all federal rights, whether under the United States Constitution or under federal statutes, will not be protected by the applicable State Court, the Federal Court must, in accordance with its equitable duty, refrain from exercising jurisdiction over a matter involving the assessment, levy, or collection of a state tax in view of the Tax Injunction Act, 28 U.S.C. § 1341. This Court has no fear that the potential taxpaying defendants in this case will lose or in any way be deprived of any federally protected rights by utilizing the "plain, speedy and efficient remedy" afforded them under State law to contest the legality of Louisiana's First Use Tax on natural gas. It may well be that declaratory relief is available to the parties in the State Court on a matter such as this, whereas it is an absolute certainty, in view of the Tax Injunction Act, that such relief cannot be available in this Court. For these reasons, the plaintiffs' motion to remand this case to the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana, will be granted, and an appropriate order will be entered accordingly.