DOMENGEAUX, Judge.
This is a suit brought by Willie H. Perry and his wife, Marcelle W. Perry, against the Department of Revenue and Taxation of the State of Louisiana to recover sales taxes alleged by the Department to be due and which were paid under protest. The plaintiffs alleged that pursuant to La.R.S. 47:1576 they paid $955.76 under protest on August 31, 1982, and gave notice of intention to sue for recovery of the disputed sum. These proceedings were filed on September 30, 1982, in the Thirteenth Judicial District Court, Parish of Vernon, where the plaintiffs are domiciled.
The defendant responded to the plaintiffs’ petition with a declinatory exception of improper venue. The defendant asserted that although La.R.S. 47:1576 provides a remedy for taxpayers who have paid the Department of Revenue and Taxation under protest, that statute merely authorizes a cause of action against the Department in a court of proper jurisdiction. The defendant alleged that the venue provisions of the Code of Civil Procedure must also be satisfied before a taxpayer’s suit can be properly heard. La.R.S. 47:1576 requires service of process in a suit against the Department of Revenue and Taxation to be executed on the Secretary of the Department at her official domicile — which is East Baton Rouge Parish according to La.R.S. 47:1511. Therefore, the defendant argued below that the general venue provisions of La.C. C.P. Art. 42 required suit to be filed only in East Baton Rouge Parish.
The trial judge, relying on a literal reading of La.R.S. 47:1576, overruled the defendant’s exception of improper venue. The district judge reasoned that:
“[b]y repeatedly providing that suits could be brought to recover taxes paid under protest ‘in any state court having jurisdiction of the parties and subject matter,’ and repealing all laws or parts of laws in conflict therewith, ... the legislature has expressed a clear intention to permit such suits in parishes other than East Baton Rouge Parish.”
The defendant-appellant has taken a suspensive appeal from the trial court’s decision on the exception of improper venue. “An appeal may be taken ... from an interlocutory judgment which may cause irreparable injury_” La.C.C.P. Art. 2083. Although the appellant has appealed an interlocutory judgment, the Louisiana Supreme Court case of Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981), compels us to conclude that the appeal is properly before us. Herlitz overturned the long-standing jurisprudential proposition that the overruling of an exception of improper venue did not constitute irreparable injury, and in so doing, opened the door to an overburdening amount of writs applied for and granted in appellate courts throughout this State. Our Supreme Court stated in Herlitz, supra:
“When the overruling of the exception is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness *663 to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits.”
Our Court in Hebert v. Myers, 449 So.2d 185 (La.App. 3rd Cir.1984), obeyed the dictates of Herlitz, supra, placing particular reliance on a footnote therein which stated in part:
“... irreparable injury occurs if any error in the ruling cannot as a practical matter be corrected on appeal. For example, once the trial court overrules an exception to the venue and the case is tried on the merits in the wrong venue, an appellate court has no practical means of correcting the error on appeal.”
The appellant asserts that the proper venue for the instant suit lies in East Baton Rouge Parish, the official domicile of the Secretary of the State Department of Revenue and Taxation. La.R.S. 47:1511. We agree.
First, we note on our own motion the appellees’ failure to join the Secretary of the Department of Revenue and Taxation as an indispensable party. La.C.C.P. Art. 927. Section B of La.R.S. 47:1576 provides:
“B. This Section shall afford a legal remedy and right of action in any state court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this Subtitle as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such action, service of process upon the secretary shall be sufficient service, and he shall be the sole necessary and proper party defendant in any such suit.” (Emphasis ours).
It is only the Secretary who can be sued for reimbursement of taxes paid under protest, and for that reason, she is an indispensable party to this suit. See Probst v. City of New Orleans, 325 So.2d 665 (La.App. 4th Cir.1976), reversed on other grounds, 337 So.2d 1081 (La.1976), cert. denied, 430 U.S. 916, 97 S.Ct. 1329, 51 L.Ed.2d 594 (1977). Therefore, we will remand the case to a district court of proper venue to allow the joinder of the Secretary as an indispensable party. Blanchard v. Naquin, 428 So.2d 926 (La.App. 1st Cir.1983), writ denied, 433 So.2d 162 (La.1983).
Second, the trial court evidently felt that the wording of La.R.S. 47:1576 established a cause of action to be brought in any court in the state with jurisdiction. However, exceptions to the general rules of venue are in derogation of a common right and, hence, must be strictly construed. Simmons v. Hope Contractors, Inc., 447 So.2d 638 (La.App. 3rd Cir.1984). We find no cause to derogate from the general provisions of Article 42 of the Code of Civil Procedure. Therefore, the proper venue for a suit brought against the Secretary of the Department of Revenue and Taxation to recover taxes paid under protest is East Baton Rouge Parish, the place of the Secretary’s official domicile. La.C.C.P. Art. 42; for a case in accord, see Putch v. Collector of Revenue, 299 So.2d 809 (La.App. 2nd Cir.1974).
For the above and foregoing reasons, the judgment of the district court is reversed. The instant suit is ordered transferred to the 19th Judicial District Court in and for the Parish of East Baton Rouge, La., for further proceedings including remand to that district court for joinder of the indispensable party.
All costs of this appeal are to be borne by the plaintiffs-appellees.
REVERSED, TRANSFERRED, AND REMANDED.