KING, Judge.
The issue presented by this appeal is whether an indispensable party was absent from the trial court proceeding, and, if so, whether the trial court judgment should be reversed and the case remanded for a new trial.
Allan Dale Hart and Flora Mae Mitchell Hart (hereinafter referred to as plaintiffs) filed suit on two promissory notes against the maker of the notes, Baker Marine Corporation (hereinafter referred to as defendant). In their petition, plaintiffs additionally sought recognition of certain mortgages that had been granted in their favor by Hart, Inc. (hereinafter referred to as Hart) as security for the two promissory notes executed by defendant. Hart was not made a defendant to the suit. Defendant filed an answer and reconventional demand seeking rejection of plaintiffs' demands and $600,000.00 damages against plaintiff for breach of contract. A written stipulation of facts, together with attached exhibits, was filed in the record by the attorneys for the plaintiffs and the defendant. Cross motions for summary judgment were made by the plaintiffs and the defendant. The trial court rendered judgment as prayed for in favor of plaintiffs and against defendant and did not grant defendant’s re-conventional demand. After a written judgment was signed the defendant devolu-tively appealed. We reverse and remand.
FACTS
The record reveals the following facts, which are basically undisputed. Plaintiffs and defendant entered into a stock purchase agreement, dated June 12, 1981, by which plaintiffs, who were the sole shareholders of Hart, were to sell all of their outstanding shares of common stock in Hart to defendant for the following consideration: (1) $500,000.00 in cash to each plaintiff, and (2) two non-negotiable promissory notes one payable to each plaintiff, in the principal amount of $1,425,000.00, payable in six equal installments, one installment being due every four months.
To secure the two promissory notes, Hart executed the following mortgages on its property in favor of plaintiffs: (1) a chattel mortgage over various corporeal movables located on premises in Lafayette, Louisiana; (2) a mortgage on a tract of property located in Lafayette Parish, Louisiana; (3) a mortgage on a tract of property located in Sabine Parish, Louisiana; (4) a preferred fleet ship mortgage on two vessels duly documented at the Port of Morgan City, Louisiana; and (5) a mortgage covering two tracts of property located in Brevard County, Florida.
On June 27, 1983, plaintiffs jointly filed this suit against defendant on the two promissory notes, alleging that defendant failed to pay the sixth and final installment on each of the notes, being in the principal amount of $271,835.71 on each note. In addition to seeking a judgment for the principal amount of the last installment due on each note, plaintiffs requested judgment for interest from the date that the final installments were due and attorney’s fees in the amount of 25% of the aggregate of principal and interest owed, as also provided in each promissory note. Plaintiffs also sought recognition of the above-described mortgages given by Hart to secure the promissory notes, and reservation of their rights to prosecute and/or foreclose in connection with those mortgages should it become necessary to do so.
Defendant filed an answer and a recon-ventional demand against plaintiffs, requesting that the demands of plaintiffs be rejected, and also seeking an award of $600,000.00 on its reconventional demand for the damage caused by plaintiffs’ contractual misrepresentation at the time of plaintiffs’ sale of their common stock in Hart to the defendant.
*901 Plaintiffs and defendant entered into a written stipulation of facts which included, by reference to attached exhibits, defendant’s reason for refusing to pay the final installment under each of the promissory notes. In general, defendant’s reason for failing to pay the final installment on each of the notes was that plaintiffs allegedly breached the stock purchase agreement by not accurately disclosing Hart’s potential monetary exposure resulting from a law suit then pending against Hart.[1]
The case was submitted to the trial court on cross-motions for summary judgment filed by the plaintiffs and defendant. The trial court rendered judgment: (1) in favor of plaintiff, Allan Dale Hart, and against defendant in the amount of $271,835.71, together with interest at the rate of 12% per annum from June 12, 1983 until paid; (2) in favor of plaintiff, Flora Mae Mitchell Hart, and against defendant in the amount of $271,835.71, together with interest at the rate of 12% per annum from June 12, 1983 until paid; and (3) recognizing the various mortgages given by Hart to secure the promissory notes, and reserving unto plaintiffs their rights to prosecute and/or foreclose on the mortgages should it become necessary.[2] The trial court rejected the reconventional demand of the defendant against the plaintiffs. A written judgment was signed. From this judgment, defendant has devolutively appealed, and alleges (1) that an indispensable party was absent from the trial court proceeding and the matter should therefore be remanded to the trial court for a retrial, and (2) the judgment of the trial court is null because Hart was never served with citation.[3]
INDISPENSABLE PARTY
Defendant urges in its appellate brief to this Court that Hart was an indispensable party with regard to the trial court proceeding,[4] and since Hart was not made a party to the suit, the matter should be remanded to the trial court for a retrial. To the contrary, plaintiffs contend that Hart was not an indispensable party to their suit against defendant.
The Louisiana Code of Civil Procedure defines indispensable parties as follows:
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.” LSA-C.C.P. art. 641.
The nonjoinder of an indispensable party may be raised through a peremptory exception, and may additionally be noted either by the trial or appellate court on its own motion. LSA-C.C.P. Arts. 645 and 927. However, since an appellate court must remand the case for joinder of the indis *902 pensable party and a retrial, the classification of a party as indispensable by the appellate court should be made only if the facts clearly establish that no complete and equitable adjudication of the controversy can be made in the absence of the indispensable party. State, Dept. of Hwys. v. Lamar Adv. Co. of La., Inc., 279 So.2d 671 (La.1973); Dunham v. Dunham, 467 So.2d 555 (La.App. 1st Cir.1985), writs den., 469 So.2d 989, 990 (La.1985).
A mortgage need not be given by the person contracting the principal obligation; it may be given for the contract of a third person. LSA-C.C. Art. 3295. A conventional mortgage is enforced by ordinary or executory proceedings. LSA-C. C.P. Art. 3721. Once a plaintiff commences enforcement of a conventional mortgage via an ordinary proceeding, he may not thereafter convert the proceeding into an executory proceeding. LSA-C.C.P. Art. 2644. When a mortgagee enforces a conventional mortgage by an ordinary proceeding, he must first obtain a judgment against the mortgagor and then execute the judgment. LSA-C.C.P. Art. 3722.
In this matter, plaintiffs filed suit against the defendant, seeking a judgment on the promissory notes, and recognition of the mortgages executed by Hart to secure the promissory notes, as well as a reservation of plaintiffs’ rights to “prosecute and/or foreclose in connection therewith should same become necessary.” Had plaintiffs merely brought suit against defendant for judgment on the promissory notes, it is clear that Hart would not have been an indispensable party to the proceeding. However, plaintiffs also sought recognition of the mortgages given by Hart as security for defendant’s promissory notes given to plaintiffs, a matter in which Hart would be so directly affected that a complete and equitable adjudication of the controversy could not be made unless it were joined in the action. LSA-C.C.P. Art. 641. Plaintiffs can not obtain a judgment against Hart, which recognizes the mortgages Hart gave to plaintiffs to secure their promissory notes, without making Hart a defendant to the suit. We therefore conclude that Hart is an indispensable party to the suit instituted by plaintiffs. Consequently, the appropriate action to be taken by this Court is to remand the case to the trial court for the joinder of Hart as an indispensable party, and for a retrial of the case. Perry v. State, Through Dept. of Revenue, 479 So.2d 661 (La.App. 3rd Cir.
Since we are reversing the judgment of the trial court and remanding the case for a retrial after Hart has been joined as an indispensable party, there is no need for us to address defendant’s second specification of error that the judgment of the trial court is null because Hart was never served with citation.
For the foregoing reasons, the judgment of the trial court is reversed and set aside, and the case is remanded to the trial court for the joinder of Hart as an indispensable party, and for a retrial of the case in accordance with law.
All costs of this appeal are taxed to plaintiffs-appellees.
REVERSED AND REMANDED.

. The lawsuit in which Hart was a defendant is entitled Dusenberry v. McMoran Exploration Co., 433 So.2d 268 (La.App. 1st Cir.1983), reversed in part, 458 So.2d 102 (La.1984). Defendant more specifically contends that, contrary to plaintiffs’ disclosure in the stock purchase agreement, the Dusenberry claim against Hart exceeded its insurance coverage, and that the judgment awarded in the suit exposed Hart to a possible uninsured judgment award of $600,000.00.

. The trial court judgment also specifically stated that the issue of the amount of reasonable attorney’s fees due to plaintiffs was not then being decided, and reserved the right to plaintiffs to proceed at a later date to have the issue of what was a reasonable amount of attorney’s fees decided.

. The record reflects that on August 19, 1985, a Writ of Seizure and Sale commanding the seizure and sale of the properties included in the chattel mortgage, and of the immovable property located in Lafayette Parish, Louisiana, both of which were mortgaged by Hart, to satisfy the judgment rendered herein on May 31, 1985. A Writ of Fieri Facias was issued two days later by the Deputy Clerk of Court in regard to these properties. Nevertheless, the validity of these two seizures and sale of the property mortgaged by Hart is not an issue properly before the Court at this time.

. We note that this issue was not raised in the trial court by the filing of an exception or in the defendant’s brief filed in the trial court.