GUIDRY, J.
 

 l2In response to a writ for supervisory review filed by the State of Louisiana, Department of Revenue, this court granted certiorari to determine the correctness of a judgment by the district court rendered on original appeal of a ruling by the Board of Tax Appeals (BTA). The district court overruled the BTA’s finding that the plaintiffs’ claims were prescribed and also overruled the BTA’s denial for class certification. After a thorough review of the entire record in this case, and for the following reasons, we reverse the district court’s judgment and reinstate the BTA’s findings that the claims were prescribed.
 

 BRIEF FACTUAL BACKGROUND
 

 Prior to any litigation, the five named plaintiffs herein, Wade Clark, Perry Tucker, Ann Guidry, Martha LaCaze, and Harry Dawsey (hereinafter referred to collectively as plaintiffs) were among a group of up to 400,000 customers, each of whom was previously issued a refund of overpay-ments made to Cajun Electric Power Cooperative, Inc. (Cajun) after said payments were deemed to have been overcharges for electricity service provided.
 

 In July 2000, the Louisiana Public Service Commission (LPSC) rendered a decision directing the disposition of funds totaling $197,469,668.00 received by the LPSC as part of a settlement of the bankruptcy proceedings of Cajun. The funds, which had been placed in escrow pending investigations, were deemed to represent overcharges collected from Cajun’s customers, including plaintiffs, and refunds to the rate payers were ordered.
 

 This matter has a long history and underlying all of the attendant litigation is an assertion by the plaintiffs, on behalf of a proposed class of up to 400,000 members, |sthat they are entitled to a refund from the State of Louisiana, Department of Revenue of the sales taxes they paid on the monies that were refunded to them as overcharges.
 
 [1]
 

 BRIEF SUMMARY OF ISSUES PRESENTED
 

 The BTA’s finding that the plaintiffs’ claims were prescribed was based on the plaintiffs’ failure to comply with the statutory requirement that a taxpayer
 
 first
 
 file a claim for refund with the secretary of the Department of Revenue (Department). It is only after the Department has acted or failed to act on a taxpayer’s claim that such taxpayer may appeal to the BTA for a redetermination of the alleged overpayment. La. R.S. 47:1431. Notwithstanding the plaintiffs’ admitted failure to follow the statutory mandate for proceeding with a claim for refund against the department, both the plaintiffs and the district court rely on language in a prior decision from this court on a related matter in this litigation, which they claim constitutes law of the case on the issue of prescription.
 

 As to the BTA’s ruling denying plaintiffs’ class certification, the plaintiffs claim that issue was not even before the BTA because that request had been withdrawn by them as unnecessary to the proceedings before the BTA. In the alternative, they argue that the district court’s analysis and determination that they properly met the requirements for class certification was correct and should be affirmed.
 

 
 *814
 
 A broad understanding of the statutory scheme applicable to the BTA, as well as a delineation of the long protracted procedural history of this matter, are necessary for a resolution of the issues presented herein.
 

 APPLICABLE LAW
 

 Louisiana Constitutional article 7, § 3 mandates the legislature to provide a complete and adequate remedy for the prompt recovery of an illegal tax paid by a taxpayer. The legislature enacted La. R.S. 47:1401, creating a Board of Tax Appeals |4to “act as an appeal board to hear and decide, at a minimum of expense to the taxpayer, questions of law and fact arising from disputes or controversies between a taxpayer and the collector of revenue” of the State of Louisiana. Louisiana Revised Statutes 47:1501 A specifies that the terms “collector,” “collector of revenue,” “secretary,” or “secretary of revenue,” when used in that Title, mean “the secretary of the Department of Revenue for the state of Louisiana.”
 

 To further fulfill its constitutional mandate, the Louisiana legislature has provided three separate remedies: (1) the Claims Against the State procedure, La. R.S. 47:1481, et seq.; (2) the Payment Under Protest procedure, La. R.S. 47:1576, et seq., and (3) the Overpayment Refund procedure, La. R.S. 47:1431 and La. R.S. 47:1621, et seq.
 

 Louisiana Revised Statutes 47:1407 confers jurisdiction on the BTA as follows:
 

 (1) All matters relating to appeals for the redetermination of assessments, or for the determination of overpay-ments, as provided in R.S. 47:1431 through 47:1438.
 

 (2) All matters relating to the waiver of penalties, as provided in R.S. 47:1451.
 

 [[Image here]]
 

 (4) All matters relating to claims against the state, as provided in R.S. 47:1481 through 47:1486.
 

 Claims Against the State procedure
 

 Louisiana Revised Statutes 47:1481 provides that in a claim against the state for money erroneously paid into the State Treasury, the taxpayer
 
 may file a claim directly with the BTA,
 
 seeking the BTA’s determination of the claim based on “justice, merits and correctness.” Once the BTA determines the claim is valid, it issues a warrant upon the State Treasurer recommending that the legislature authorize payment. If the claim is for more than $1,000.00, the BTA must petition the legislature to have a bill passed appropriating the payment of the claim from the state |5treasury.
 
 See:
 
 La. R.S. 47:1483-1485. For claims against the state, there is no right of judicial review or appeal of the BTA’s decision through the court system, but a claimant may still petition the legislature for permission to sue on the claim in a court of competent jurisdiction. La. R.S. 47:1486.
 

 Overpayment Refund procedure
 
 Louisiana Revised Statutes 47:1431 provides that when a
 
 taxpayer “aggrieved ...
 
 by the
 
 collector’s
 
 action or failure to
 
 act on a claim for refund
 
 or credit of an overpayment, such taxpayer
 
 may appeal to the [BTA] for ... a determination of the alleged overpayment, by filing a petition with the [BTA] within the respective periods set forth in
 
 R.S. 47:1565, 47:1566 and
 
 4.7:1625.”
 
 (Emphasis added.)
 

 Louisiana Revised Statutes 47:1434 provides for the judicial review of the decision of the BTA as follows, in pertinent part:
 

 After a decision or judgment of the [BTA] ... the taxpayer may,
 
 within thirty calendar days after such decision or judgment has been rendered and signed, file a petition with the district
 
 
 *815
 

 court
 
 ... for review of the said decision or judgment of the [BTA].
 

 [[Image here]]
 

 [T]he taxpayer may file his petition for review ... setting forth specifically any errors which may have been committed by the [BTA] in reaching its decision or judgment. [Emphasis added.]
 

 Louisiana Revised Statutes 47:1435 further provides that the district courts have
 
 exclusive
 
 jurisdiction to review the decisions or judgments of the BTA, and the district court’s judgment shall be subject only to a suspensive appeal in accordance with law.
 

 The procedure for “Refund of Overpay-ments” is provided in La. R.S. 47:1621, et seq. Louisiana Revised Statutes 47:1623 A, entitled “Prescription of refunds or credits,” provides in pertinent part:
 

 After three years from the 31st day of December of the year in which the tax became due or after one year from the date the tax was paid, whichever is later, no refund or credit for an overpayment shall be made
 
 unless a claim for credit or refund has been filed with the secretary by the taxpayer claiming such credit or refund
 
 before the expiration of the | (¡three-year or one-year period.... The secretary shall prescribe the manner of filing claims for refund or credit. [Emphasis added.]
 

 If
 
 the Department denies the claim in whole or in part, or if it fails to act on the claim within a year, the taxpayer
 
 may appeal to the BTA
 
 for a hearing on the claim. The BTA is vested with jurisdiction to determine the correct amount of the tax and to render judgment ordering the refunding or crediting or any overpayment or the payment of any additional tax, interest and penalty found to be due. La. R.S. 47:1625.
 

 PROCEDURAL HISTORY
 

 BTA Case Docket No. 5313
 

 This litigation began on August 17, 2000, with a petition filed by the plaintiffs with the BTA, bearing docket number 5313, for “Refund of State Sales Tax.” In that petition, the plaintiffs alleged to be proceeding under the “Claims Against the State procedure,” La. R.S. 47:1481, et seq., which is intended to give the BTA the authority to grant claims for taxes erroneously paid to the state, when principles of justice and equity so require, even though a refund may not be permitted by law.
 
 Sperry Rand Corp. v. Collector of Revenue,
 
 376 So.2d 505, 507 (La.App. 1st Cir.),
 
 writ denied,
 
 376 So.2d 156 (La.1979). They also alleged that the overpayments had not been made under protest, as provided in La. R.S. 47:1576, et seq. The plaintiffs averred that the BTA should invoke that authority under La. R.S. 47:1481, et seq. in this case and grant their claim for a refund. The plaintiffs also alleged and requested class certification for the proposed class. The petition named the State through the Department of Revenue as defendant and the petition was served on the secretary of the Department of Revenue, Cynthia Bridges.
 

 Nineteenth Judicial District Court Docket No. 483,150
 

 On April 9, 2001, the plaintiffs filed a petition in the Nineteenth Judicial District Court, Docket No. 483,150, for “Payment of a Thing Not Owed and Refund |7of State Sales Taxes.”
 
 [2]
 
 The plaintiffs alleged that they had paid a thing not owed to the State of Louisiana in the form of state sales taxes on approximately $169,900,000.00 overcharged for electricity, and specifically sought a refund of the taxes assessed on the overcharge. They
 
 *816
 
 also alleged and specifically requested class certification for the proposed named class.
 

 Judgment(s) in Docket No. 483,150
 

 Following a hearing on the state’s exceptions alleging objections of lack of subject matter jurisdiction, lis pendens, and prescription and on the plaintiffs’ motion for class certification, held on August 12, 2002, judgment was signed by the district court on August 21, 2002, denying the state’s exceptions. By judgment dated February 11, 2003, the district court granted the plaintiffs’ motion for class certification (as defined in the petition) and gave class counsel 30 days to submit a notice plan and “Form of Notice” for the court’s approval.
 

 The state sought writs for supervisory review of the foregoing rulings from this court. On January 27, 2003, this court denied the writ.
 
 Clark v. State,
 
 02-1936 (La.App. 1st Cir.1/27/03)(unpublished writ action). The state then applied for writs to the Louisiana Supreme Court, which writ was granted on April 25, 2003, and the matter was remanded to this court for briefing, argument, and a full opinion.
 
 Clark v. State,
 
 03-0591 (La.4/25/03), 842 So.2d 388.
 

 First Circuit decision in Clark v. State, 02-1936 (La.App. 1st Cir.1/28/04), 873 So.2d, 32, writ denied, 04-0452 (La.4/23/04), 870 So.2d 300
 

 Upon remand from the Louisiana Supreme Court, this court reversed the judgment of the district court and sustained the state’s declinatory exception of lack of subject matter jurisdiction. In sustaining the exception, this court noted that “[i]t is well settled that laws regulating the collection of taxes are
 
 sui generis
 
 and constitute a system to which the general provisions of the Civil Code have little, if any, ^application.”
 
 Clark,
 
 02-1936 at pp. 6-7, 873 So.2d at 35. This court also noted with cited authority that attempts to assert refund claims against a taxing authority, under La. C.C. art. 2299 providing for payment of a thing not due, have consistently been rejected by our courts.
 
 Clark,
 
 02-1936 at p. 7, 873 So.2d at 36. This court concluded that the exclusive authority vested in the BTA is not circumscribed by the constitutional grant of jurisdiction to the district court. This court held that the legislative mandate to “provide a complete and adequate remedy for the prompt recovery of an illegal tax paid by a taxpayer” as reflected by La. R.S. 47:1434-36
 
 “clearly establishes that the district courts’ jurisdiction in judicial review of ‘decisions or judgments’ of the [BTA] is appellate in nature.” Clark,
 
 02-1936 at p. 8, 873 So.2d at 36. Therefore, this court held that the district court in this matter lacked original jurisdiction to consider the merits of plaintiffs’ claims. Thus, this court reversed in part the district court’s judgment and sustained the declinatory exception of lack of subject matter jurisdiction.
 
 Clark,
 
 02-1936 at pp. 8-9, 873 So.2d at 37.
 

 This court’s decision also addressed constitutional challenges, raised by the plaintiffs in a supplemental and amending petition, to the validity of the statutes providing the procedural mechanism for the assertion of their claims (i.e., La. R.S. 47:1434-36), and held that the district court
 
 did have jurisdiction
 
 over those claims, and also held that because “the validity of the claim procedure and the merits of defendant’s prescription defense are intertwined with the issue of the constitutionality of the challenged statutes,” it was still necessary for the district court to rule on those issues.
 
 Clark,
 
 02-1936 at p. 9, 873 So.2d at 37. This court remanded the case to the district court for “further proceedings, including the determination of the constitutional issues raised by the plaintiffs.”
 

 
 *817
 
 This court
 
 also held that until the BTA completes its fact finding function and renders its decision on the prescription issue and others,
 
 the district court lacked appellate jurisdiction to review the merits of the case, including the issue of | ¡prescription. Accordingly, this court
 
 vacated the district court’s denial of the peremptory exception of prescnption.
 

 Further, this court held that plaintiffs’ cause of action and claims for refund of the sales tax overpayments asserted in the district court
 
 “are stayed,
 
 in order to permit plaintiffs to proceed with the
 
 pending administrative remedy
 
 initially sought.” (Emphasis added.)
 

 As noted earlier, this decision by this court was rendered on January 28, 2004, and wiits were denied by the Louisiana Supreme Court on April 23, 2004.
 

 On Remand to the BTA
 

 Rather than proceeding in the pending action before the BTA (Docket No. 5313), on May 6, 2004, the same five named plaintiffs filed a new petition “for appeal for determination of overpayments” with the BTA, naming as defendant the State of Louisiana, through Cynthia Bridges as Secretary of the Department of Revenue. The matter was assigned docket number 6143. During the proceedings, the BTA noted this discrepancy, and proceeded to consider the matters as consolidated.
 

 In their new petition, plaintiffs sought a refund of state taxes they overpaid in conjunction with their purchases of electricity and asserted facts supporting then* request that the matter be certified as a class action. The Department responded to the petition with a peremptory exception of prescription and an opposition to the request for class certification. The BTA heard the exception and opposition on November 16, 2004, and issued reasons for judgment on March 15, 2005, stating that it was denying the plaintiffs’ request for class certification and sustaining the peremptory exception of prescription. Judgment was signed on May 4, 2005, dismissing the plaintiffs’ claims.
 

 BTA Reasons for Judgment
 

 With respect to the objection of prescription, the BTA found that claims for refunds of overpayments are governed by La. R.S. 47:1621, with the prescriptive | inperiod for such claims being governed by La. R.S. 47:1623(A). That section requires that a claim for refund must be filed by the taxpayer
 
 with the secretary
 
 no later than three years from the 31st day of December of the year that the tax was due. While La. R.S. 47:1625 gives the taxpayer the right to appeal to the BTA, that section also provides that
 
 no
 
 appeal to the BTA may be filed until the expiration of one year from the date the taxpayer has filed with the secretary or within 60 days from the date that the secretary denied the claim. The BTA noted that no claim for refund or credit had ever been filed by any of the allegedly aggrieved taxpayers
 
 'with the Secretary of the Department of Revenue.
 
 The BTA also found that plaintiffs’ rights to file first with the Secretary had prescribed; and therefore, sustained the peremptory exception of prescription and dismissed the case.
 

 In denying the request for class certification, the BTA reasoned that it is not a “court” as contemplated in Code of Civil Procedure articles 591, et seq. (providing the law and authority for class actions). Instead, the BTA is an independent agency in the executive department of state government, the power and authority of which are set out in Chapter 7 of Title 47 (La. R.S. 47:1401-1486). The BTA noted that there is no express or implied authority for it to establish or hear a class of claims, finding instead that the express authority granted the BTA is to hear the claim of “a taxpayer” or “the taxpayer.”
 

 
 *818
 

 District Court Action Docket No. 538,279
 

 On November 28, 2005, plaintiffs filed a petition for judicial review of the BTA decision in the Nineteenth Judicial District Court, Docket No. 538,279.
 
 [3]
 

 A hearing was held on April 27, 2009, at which time oral arguments were presented by the parties and the matter was submitted and taken under advisement. | nThe district court issued a ruling on June 29, 2009, finding the BTA erred in denying class certification, overruling the BTA’s finding that the matter was prescribed, and remanding the matter to the BTA for a ruling on the merits of the sales tax refund. The district court found that the previous district court judge had granted class certification, a ruling that had not been appealed before the matter was again presented to the BTA; therefore, the BTA did not have the authority to overrule the certification, which at that point in time, was binding on the BTA.
 

 In overruling the finding that the claims were prescribed on the basis that the plaintiffs failed to first request a refund directly from the Department as required by La. R.S. 47:1621, et seq., the district court agreed with the plaintiffs that “the courts” had already found that the plaintiffs had filed a timely claim. In so finding, the district court relied on dicta language in this court’s earlier opinion, wherein this court stated: “Although plaintiffs’ administrative claim was initially filed with the [BTA] rather than directly with the Department, the Department was named as a ‘defendant’ and served through its Secretary.
 
 The petition may therefore be viewed as the functional equivalent of a claim for refund of overpayments filed with the Department under La. R.S. 4.7:1621.” Clark,
 
 02-1936 at p. 6, 873 So.2d at 35. (Emphasis added.)
 

 These two rulings are presently before us on review.
 

 STANDARD OF REVIEW
 

 Pursuant to Louisiana’s Constitution and statutes, we review this case as a second court of appellate review. The Nineteenth Judicial District Court is vested with the power to review the decision of the BTA herein. La. Const, art. V, § 16; La. R.S. 47:1434-35. Thereafter, the ruling of the district court is subject to appellate review by suspensive appeal to this court, in the exercise of appellate jurisdiction over civil matters. La. Const, art. V, § 10; La. R.S. 47:1435;
 
 Chamberlain v. Kennedy,
 
 03-0488, p. 4 (La.App. 1st Cir.12/31/03), 868 So.2d 753, 756.
 

 112Judicial review of a decision of the BTA is rendered upon the record as established before the BTA and is limited to facts on the record and questions of law. The BTA’s findings of fact should be accepted where there is substantial evidence in the record to support them, and should not be set aside unless they are manifestly erroneous in view of the evidence on the entire record. With regard to questions of law, the judgment of the BTA should be affirmed if the BTA has correctly applied the law and has adhered to the correct procedural standards.
 
 Secretary, Department of Revenue v. Calcasieu Refining Company,
 
 00-1735, p. 6 (La.App. 1st Cir.9/28/01), 809 So.2d 1023, 1028 (citations omitted.)
 

 
 *819
 
 DISCUSSION AND ANALYSIS
 

 Prescription
 

 It is wholly undisputed that the plaintiffs have never filed a claim for a refund directly with the collector,
 
 ie.,
 
 the secretary of the Department of Revenue, as expressly required by La. R.S. 47:1431. Therefore, we must review our earlier opinion in light of the plaintiffs’ claim and the district court’s finding that we held plaintiffs’ claim had been properly filed, and that this “holding” constitutes law of the case in this matter concerning prescription.
 

 At the outset, it should be clearly noted that the ultimate holding in our earlier opinion was that the district court
 
 lacked subject matter jurisdiction
 
 over the plaintiffs’ claim because of the pending administrative proceeding that
 
 included the issue of prescription. Clark,
 
 02-1936 at p. 9, 873 So.2d at 37. In that decision, we
 
 vacated
 
 the district court’s ruling denying the peremptory exception of prescription, and the matter was remanded to the BTA for a
 
 ruling on the merits of the claim for refunds. Clark,
 
 02-1936 at p. 9, 873 So.2d at 37.
 

 Moreover, a very careful and close reading of our earlier opinion reveals that the language relied on by the plaintiffs and the district court constitutes dicta, which relates to a peripheral discussion we entertained on a related but separate issue. In | ^support of numerous exceptions, the defendant noted a discrepancy between the plaintiffs’ alleged characterization of their claims as being brought pursuant to the Claims Against the State procedure, La. R.S. 47:1481 (which allows a proceeding to be initiated at the BTA without a prior filing with the Department), and the actual remedy sought by the plaintiffs, a refund of their overpayments, available only through the Overpayment Refund procedure, La. R.S. 47:1621 (requiring that a claim be first presented to the Department). In that discussion, this court agreed that a careful review of the plaintiffs’ claims revealed they prayed for a judgment of monetary award from the BTA, and therefore, in the context of and
 
 for purposes of determining by which procedure the plaintiffs had chosen to proceed,
 
 we noted
 
 in dicta
 
 that the plaintiffs’ petition “may ... be viewed as the functional equivalent of a claim for refund of overpayments” under La. R.S. 47:1621 (as
 
 opposed to the Claims Against the State procedure under La. R.S. 47:1481, et seq.). Clark,
 
 02-1936 at p. 6, 873 So.2d at 35.
 

 Clearly, this court did not intend, nor do we have the authority, to sanction a claim as being properly filed when the very clear and express statutory requirement that it first be presented to the secretary for the Department has not been met. Therefore, we find the plaintiffs’ reliance on this dicta as alleged law of the case is wholly misplaced, and the district court erred in agreeing with that argument.
 

 Indeed, we find the BTA correctly applied the law and proper analysis to the plaintiffs’ claims, finding them prescribed for not having ever been initially presented to the Department for action, or inaction, prior to proceeding before the BTA as clearly required under the statutory scheme. Accordingly, we reverse the judgment of the district court and reinstate the BTA’s finding that the plaintiffs’ claims had prescribed.
 

 |
 
 uClass Certification
 

 In light of our finding the plaintiffs’ claims before the BTA were prescribed, the issue and discussion regarding class certification is pretermitted.
 

 CONCLUSION
 

 For all the foregoing reasons, we reverse the judgment of the district court and reinstate the decision of the BTA sus-
 
 *820
 
 tabling the state’s peremptory exception based on prescription as to the plaintiffs’ claims, which are hereby dismissed. Costs of this appeal are assessed to the plaintiffs.
 

 DISTRICT COURT JUDGMENT REVERSED; THE BOARD OF TAX APPEALS FINDING THAT THE PLAINTIFFS’ CLAIMS HAD PRESCRIBED IS REINSTATED.
 

 [1]
 

 . The record reveals the taxes were paid to the electric cooperative, Cajun, which were then forwarded to the Department of Revenue by the electric service providers.
 

 [2]
 

 . In light of the already pending claim before the BTA, the plaintiffs assert that they only filed this petition in the district court "out an abundance of caution."
 

 [3]
 

 . The record reveals that the plaintiffs also concurrently filed in Docket No. 483,150 a motion to lift the stay (imposed by this court on appeal) and also a petition for judicial review in that suit as well. Apparently, that petition was met by a dilatory exception of improper cumulation of actions; the district court agreed and ordered plaintiffs to file a separate petition for judicial review.