DREW, J.
hThe Louisiana Department of Revenue (“Department”) granted C. Daniel Street extensions of time in which to file his 2006, 2008, and 2009 Louisiana income tax returns. He was assessed penalties for violating subsections (1) and (3) of La. R.S. 47:1602(A). Mr. Street denied owing penalties or interest because he had paid all taxes within the extension periods, and he argued that the Department owed him a refund for assessing the penalties.
In 2010, the Department notified Street that his 2009 tax overpayment of $28.09 would be applied to his outstanding tax liability from 2006.
Street filed suit against the Department in the Fourth Judicial District, Parish of Ouachita, contending that any penalty would be improper, as he had been granted extensions of time during which to file his returns.
In a nutshell, plaintiff contends that:
• he overpaid his 2006 Louisiana income taxes;
• he underpaid his 2008 Louisiana income taxes; and
• he overpaid his 2009 Louisiana income taxes.
Taking the debits and credits together, plaintiff sought a refund of about $250.00 from the Department and a judgment that he did not owe the Department any amounts for tax years 2006, 2008, and 2009.
The Department filed an exception of improper venue, arguing that Plaintiffs suit could be brought only in East Baton Rouge Parish, which is its legal domicile.
Plaintiff responded by filing a motion to declare La. R.S. 47:1576(0 unconstitutional if it requires that all suits against the Department, pursuant |2to this statute, must be filed in East Baton Rouge Parish. Notice of the motion was provided to the Attorney General.
La. R.S. 47:1576 governs the remittance of taxes under protest and suits to recover *1155 taxes paid under protest. It provides, in part:
C. This Section shall afford a legal remedy and right of action in any state court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this Subtitle as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such action, service of process upon the secretary shall be sufficient service, and he shall be the sole necessary and proper party defendant in any such suit.
The trial court based its granting of the exception of improper venue on the general venue provisions of La. C.C.P. art. 42. The learned court below interpreted the code article to limit such litigation to East Baton Rouge Parish, the Department’s domicile.
The trial court apparently did not rule on the motion to declare La. R.S. 47:1576(0 unconstitutional, since it had held venue to be improper.
Plaintiff appeals. We affirm.
DISCUSSION
Street argues that in 1998, the Legislature enacted La. R.S. 47:15, the “Taxpayer’s Bill of Rights,” which grants taxpayers the right to a formal hearing to contest the assessment of taxes, interest, and penalties by timely filing suit in the appropriate state district court. La. R.S. 47:15 provides:
There is hereby established a Taxpayer’s Bill of Rights to guarantee that the rights, privacy, and property of Louisiana taxpayers are safeguarded and protected during tax assessment, collection, and enforcement processes administered under the tax laws of this state. This Taxpayer’s Bill of Rights consists of a statement, in nontechnical terms, of the rights and obligations of the Department of Revenue and taxpayers. The | ^rights afforded taxpayers to assure that their privacy and property are safeguarded and protected during tax assessment and collection are available only insofar as they are implemented in accordance with the Constitution of Louisiana and Louisiana Revised Statutes of 1950 or the administrative rules of the Department of Revenue. The rights assured Louisiana taxpayers are:
[[Image here]]
(15) The right to a formal hearing in order to contest the assessment of taxes, interest, and penalties by timely filing suit with the appropriate state district court. The assessment must be paid in full under protest in order to exercise this right in accordance with R.S. 47:1576.
Street further argues:
• the phrase “any court having jurisdiction” in La. R.S. 47:1576(C) has been interpreted to mean that venue must also be considered. See Perry v. State, 479 So.2d 661 (La.App. 3d Cir.1985), and Putch v. Collector of Revenue, 299 So.2d 809 (La.App. 2d Cir.1974);
• however, La. R.S. 47:1576(0) should be interpreted in light of Art. VII, § 3(A) of the Louisiana Constitution, which states:
The legislature shall prohibit the issuance of process to restrain the collection of any tax. It shall provide a complete and adequate remedy for the prompt recovery of an illegal tax paid by a taxpayer;
• any interpretation of La. R.S. 47:1576(C) requiring a taxpayer to protest the amount of taxes due or penalties assessed to file suit in East Baton Rouge Parish runs counter to the protections in the Louisiana Constitution that provide taxpayers with a complete and adequate *1156 remedy for the recovery of any illegally paid taxes;
• such interpretation also runs counter to the clear statement in La. R.S. 47:1576(0 that taxpayers can file suit against the Department in any state court having jurisdiction over the parties and the subject matter;
• taxpayers should not be deprived of this complete and adequate remedy when the distance from East Baton Rouge Parish, and the amount at issue make a trip to Baton Rouge too expensive to pursue;
• the trial court was under the mistaken impression that the Attorney General was a necessary party to any consideration of the question of unconstitutionality when all that is required is that the Attorney General receive formal notice of the litigation, which it did;
L* other constitutional provisions are relevant; [1]
• his rights are violated if he must litigate in East Baton Rouge Parish;
• he is being made to suffer unreasonable delay;
• the status quo denies him due process of law; and
• because the amount at issue is small, he is being subjected to forfeiture of property and rights without judicial review as he would lose more in expenses than he would recover in a judgment, even if he should prevail in a lawsuit in East Baton Rouge Parish.
The Department responds that:
• La. R.S. 13:5104(A)[2] establishes a mandatory general venue in suits against state agencies unless a more specific venue provision applies;
• more specifically, this statute requires that any suit against it be filed in the 19th Judicial District Court or in the district court having jurisdiction in the parish in which the cause of action arose;
• this cause of action arose in East Baton Rouge Parish, which was where the administrative decision was made to assess penalties and interest against Street;
• Street could have brought suit for his refund in Ouachita Parish had he only followed the payment under protest procedures of La. R.S. 47:15(15), which requires full payment under protest, after giving notice to the Department of his intent to file suit for recovery, and filing suit within 30 days of giving notice;
• Street did not comply with La. R.S. 47:15(15);
| seizure of the 2009 overpayment of $28.09 does not constitute payment of the full assessment due when Street’s outstanding liability from 2006 and 2008 totaled over $700; and
• Louisiana courts have strictly applied procedural requirements in tax cases.[3]
*1157 We agree with the trial court that, in its current posture, this litigation is restricted to East Baton Rouge Parish. Once the trial court found that venue was restricted to the Nineteenth Judicial District, it was proper that the constitutional attack be deferred to a court that is authorized by law to hear the suit. Street can sue for a refund in Ouachita Parish by following the payment under protest procedures found in La. R.S. 47:15(15).
DECREE
We affirm the granting of the Department’s exception of improper venue and dismiss the suit, without prejudice, at the cost of plaintiff.
AFFIRMED.

. Art. I, § 19 provides for a right to judicial review when a person is subjected to forfeiture of rights or property. Art. I, § 22 provides that all courts shall be open and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to his property.

. La. R.S. 13:5104. Venue
A. All suits filed against the state of Louisiana or any state agency or against an officer or employee of the state or state agency for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the state capítol is located or in the district court having jurisdiction in the parish in which the cause of action arises.

.In A. Sulka & Co. v. City of New Orleans, 208 La. 585, 23 So.2d 224 (1945), the supreme court held that a taxpayer who failed to comply with statutory requirements that he file' suit within 30 days of giving notice of intention to file suit could not maintain its action. That case dealt with the predecessor to La. R.S. 47:1576. It is not unreasonable to mandate that taxpayers strictly follow proce *1157 dural requirements when seeking the return of money paid to a public body for public purposes. See also, Clark v. State, 2009-1376 (La.App. 1st Cir. 12/23/09), 30 So.3d 812, a case also requiring strict procedural compliance in tax matters.